IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **Fidelity and Deposit Company of Maryland,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**Rod Cooke Construction, Inc.,** *et al*. )<br>)<br>**Defendants.** ) | CIVIL ACTION NO. 1:19-CV-241-JB-M |

## ORDER

This matter is before the Court on Plaintiff Federal and Deposit Company of Maryland's ("F & D") Motion for Summary Judgment "for the relief demanded in [its] Complaint" (Doc. 27) and Memorandum in Support (Doc. 27-2). Defendant Katherine Cooke, the only Defendant to have filed an opposition to the Motion, has filed a suggestion of bankruptcy and therefore Plaintiff's claims against her are stayed. (Docs. 42 and 43). None of the other Defendants have opposed or otherwise responded to Plaintiff's Motion. The Motion is ripe for review.

**I.    FINDINGS OF UNDISPUTED MATERIAL FACTS**

F & D is a Maryland company with its principal place of business in Illinois. (Doc. 5 at 1). F & D issues performance and payment bonds to contractors that bid on construction projects in the State of Alabama. (Doc. 27-2 at 2). On July 28, 2014, Defendants Rod Cooke Construction, Inc. ("RCCI"), Fed I, LLC, Rod Cooke Construction of Mississippi, Inc. ("RCCIM"), Rodney W. Cooke, and Katherine H. Cooke entered into an indemnification agreement ("Agreement") in Plaintiff's favor for performance and payment bonds issued for projects bid upon in the State of Alabama. (Doc. 1-1 at 6 – 9). On March 3, 2016, Expert Estimating & Construction Management Services,

LLC ("EECMS") executed a rider to the Agreement joining as additional indemnitors. (*Id.* at 9 – 11).  All Defendants except for Katherine H. Cooke shall be referred to hereinafter as "Defendants."  This Order neither resolves nor has any application to Plaintiff's claims against Katherine Cooke, which are the subject of a bankruptcy stay as noted above.

The Agreement provides, in relevant part, the following:

> **2. INDEMNITY:** Indemnitors shall exonerate, indemnify, and hold Surety harmless from any and all liability and loss, sustained or incurred, arising from or related to (a) any Bond, (b) any Claim, (c) any Indemnitor failing to timely and completely perform or comply with this Agreement, (d) Surety enforcing this Agreement or (e) any act or Surety to protect or procure any of Surety's rights, protect or preserve any of Surety's interests, or to avoid or lessen Surety's liability or alleged liability. The liability of Indemnitors to Surety under this Agreement includes all Claims made on Surety, all payments made, loss incurred, and all actions taken by Surety under the Good Faith belief that Surety is or would be or was liable for the amounts paid or the actions taken or that it was necessary or expedient to make such payments or take such actions, whether or not such liability necessity or expediency existed. Indemnitors shall promptly upon demand, make payment to Surety as soon as liability or Loss exists, whether or not Surety has made any payment. An itemized statement of Loss sworn to by an officer of Surety or the voucher or other evidence of any payment shall be *prima facie* evidence of the fact, amount and extent of the liability of Indemnitors for such loss. Indemnitors shall promptly, upon demand, procure the full and complete discharge of Surety from all Bonds and all liability in connection with such Bonds. If Indemnitors are unable to obtain discharge of any or all such Bonds within the time demanded, Indemnitors shall promptly deposit with Surety an amount of money that Surety determines is sufficient to collateralize or pay any outstanding bonded obligations.
> . . .
>
> **4. PLACE IN FUNDS**: Indemnitors agree to promptly deposit with Surety, on demand, an amount of money that Surety determines is sufficient to fund any liability or Loss.  Such funds may be used by Surety to pay Loss or may be held by Surety as collateral against potential future Loss. Any remaining funds held by Surety after

> payment of all sums due to Surety under this Agreement shall be returned upon the complete release and/or discharge of Surety's liability under all Bonds.

(*Id.*) (formatting in original). The Agreement obligated Defendants to indemnify F & D from and against any and all loss and expense, including attorneys' fees and court costs, resultant from F & D's issuance of the bonds and enforcement of the Agreement.

On September 28, 2014, F & D issued a series of performance and payment bonds (Bond No. PRF9169905) on RCCI's behalf for the Murphy High School Phase II Renovation project. (Doc. 1-1 at 1 – 6). On December 29, 2014, F & D issued another series of performance and payment bonds (Bond No. PRF9169928) on RCCI's behalf to complete a project at Cranford Burns Middle School. (Doc. 1-3 at 1 – 7). RCCI was to complete these projects in Mobile, Alabama. (Doc. 27-2 at 3).

During construction of the bonded projects, RCCI advised F & D it was experiencing financial difficulties and it would be unable to complete those projects. (Doc. 17 at 2). On August 10, 2015, RCCI and EECMS issued voluntary letters of default on both bonded projects. (Doc. 1-4). F & D completed the bonded projects and recovered the contract balances for each. (Doc. 27-2 at 4). However, F & D experienced a net loss of $1,149,213.60 due to RCCI's default, exclusive of attorneys' fees and court costs. (Doc. 26-3 at 2). F & D sent letters to each Defendant requesting indemnification on at least two occasions.

Plaintiff filed the subject Amended Complaint on June 21, 2019, seeking to hold each Defendant liable for Indemnity/Breach of Contract and Common Law Indemnity. (Doc. 11 at 10 – 11). Plaintiff seeks to hold each Defendant separately and severally liable for reimbursement of all sums expended in satisfaction of claims asserted against its Bonds, as well as for costs and

expenses incurred as a result of this litigation.  At the time Plaintiff filed its Motion for Summary Judgment, this amount totaled $1,193,566.80.[1]  F & D contends it is due summary judgment on each claim against all Defendants because the parties executed a valid and enforceable indemnification agreement which each Defendant breached by failing to indemnify F & D for its performance on the bonded projects.  (Doc. 27-2 at 1, 6 – 10).

Plaintiff filed its Motion for Summary Judgment on March 3, 2020.  On the same day, the Court entered an Order requiring any party opposing the Motion to do so "in the manner set out in Rule 56 of the Federal Rules of Civil Procedure and Civil L.R. 7 and 56 on or before March 25, 2020."  (Doc. 28).  The response deadline was extended to May 11, 2020.  (Doc. 30).  None of the Defendants have opposed or otherwise responded to the Motion.

## II.     STANDARD OF REVIEW

Under Rule 56(a) of the Federal Rules of Civil Procedure, "a court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  The party moving for summary judgment bears the "initial responsibility of informing the district court of the basis for [its] motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which [they] believe[ ] demonstrate the absence of a genuine issue of material fact." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).  Where the moving party does not have the burden of proof at trial, it may show that

---

[1] As of March 4, 2020, Plaintiff avers it has incurred $72,816.31 in attorneys' fees and $1,918.07 in court costs, totaling $74,734.38 (Doc. 27-2 at 5).

4

"there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the non-movant must set forth specific facts, supported by citation to the evidence, to support the elements of the case at trial, and therefore, establish that there is a genuine issue for trial. Fed. R. Civ. P. 56(c). As noted, Defendants have failed to respond to Plaintiff's Motion, notwithstanding the said Court-imposed deadlines and the requirements of Rule 56(c). By such failures, Defendants have waived their opportunity to be heard on the Motion. *Long v. Patton Hospitality Mgmt., Inc.*, 2016 U.S. Dist. LEXIS 55278, at *n.1 (S.D. Ala. April 26, 2016). Defendants have failed to oppose the Motion at their own peril. *Long*, 2016 U.S. Dist. LEXIS 55278, at *n.1. This Court will not interpose arguments that Defendants could have made but did not. *Id.*

### III. CONCLUSIONS OF LAW

The Court concludes that the undisputed material facts of this case (Section I., *supra*) entitle Plaintiff to judgment as a matter of law on its claims against the Defendants. The Agreement upon which Plaintiff relies is unambiguous, unrebutted, and supports Plaintiff's claims. The facts of Defendants' breaches of the Agreement and the damages caused to Plaintiff thereby are undisputed and Defendants offer no facts or allegations in rebuttal. Plaintiff's Motion for Summary Judgment is well and sufficiently pled, and satisfies all burdens imposed on Plaintiff as movant under Rule 56. Plaintiff is entitled to a judgment as a matter of law for all relief demanded in its Amended Complaint.

## CONCLUSION

Based on the foregoing, and in light of Defendants' failure to oppose or otherwise respond to Plaintiff's Motion for Summary Judgment as required by this Court and Rule 56, Plaintiff's Motion is due to be and hereby is GRANTED.

**DONE and ORDERED** this 28th day of July, 2020.

/s/ JEFFREY U. BEAVERSTOCK
UNITED STATES DISTRICT JUDGE
